**Bobby A. SIMMONS, individually and as administrator of the Estate of Jewel S. Simmons, deceased, and the estate of Jewel S. Simmons, Appellant,**

v.

**HEALTHCARE CENTERS OF TEXAS, INC. d/b/a Red River Healthcare Center, Appellee.**

No. 06–00–00128–CV.

Court of Appeals of Texas, Texarkana.

Submitted June 12, 2001.

Decided Aug. 27, 2001.

Ronald R. Huff; Robert E.L. Richardson, Robert E. Richardson, Jr., Richardson Law Firm, Sherman, for Appellant.

Brian K. Yost, Decker, Jones, McMackin, Fort Worth, for Appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Bobby Simmons, acting individually and as administrator for the estate of Jewel Simmons, and the estate of Jewel Simmons (collectively, Simmons) appeal the summary judgment granted in favor of Healthcare Centers of Texas, Inc. (H.C.T.). H.C.T. operates a nursing home where Jewel Simmons was a resident. Simmons sued H.C.T. and three other defendants alleging negligence and breach of contract regarding injuries Jewel Simmons sustained in a fall. H.C.T. answered and moved for summary judgment on the basis that the applicable statute of limitations had run. Simmons has nonsuited the other three defendants. After a hearing, the trial court granted H.C.T.'s Motion for Summary Judgment.

In his suit, Simmons alleged that Jewel Simmons was injured as the result of H.C.T.'s negligence when she fell from her

wheelchair. The injury was alleged to have occurred on September 27, 1997, and she was alleged to . have been mentally incompetent until her death on October 9, 1997. Simmons filed suit on December 27, 1999, two years and ninety-one days from the date of her injury, and two years and seventy-nine days from the date of her death.

 The parties agree that the Medical Liability and Insurance Improvement Act, Article 4590i of the Revised Civil Statutes, applies. Article 4590i, § 10.01 requires that a health care liability claim[1] be filed within two years of (1) the occurrence of the breach or tort, (2) the date the medical or health care treatment that is the subject of the claim is completed, or (3) the hospitalization for which the claim is made is completed.[2] TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon Supp. 2001); *Diaz v. Westphal*, 941 S.W.2d 96, 98 (Tex.1997). Article 4590i, § 4.01 requires a person asserting a health care liability claim to give written notice of the claim sixty days before filing suit. TEX.REV.CIV. STAT. ANN. art. 4590i, § 4.01(a) (Vernon Supp.2001). The two-year limitation period is tolled for seventy-five days following the date such notice is filed.[3] TEX.REV.CIV. STAT. ANN. art. 4590i, § 4.01(c) (Vernon Supp.2001). Thus, when notice is provided under Section 4.01(a), the claimant has two years and seventy-five days in which to file a claim.[4] *De Checa v. Diagnostic Ctr. Hosp., Inc.*, 852 S.W.2d 935, 937 (Tex. 1993).

To prevail on its Motion for Summary Judgment, H.C.T. had to prove there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.

1. A health care liability claim is defined as a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of the patient, whether the patient's claim or cause of action sounds in tort or contract. TEX.REV.CIV. STAT. ANN. art. 4590i, § 1.03(a)(4) (Vernon Supp.2001).

2. The requirement that a health care liability claim must be filed within two years from the date the hospitalization for which the claim is made is completed has been construed to mean that when a claim is based on the hospitalization itself, the limitations period runs from the date the relevant hospitalization is completed. *Winkle v. Tullos*, 917 S.W.2d 304, 310 n. 3 (Tex.App.—Houston [14th Dist.] 1995, writ denied).

3. Courts have held that TEX. CIV. PRAC. & REM. CODE ANN. § 16.062 (Vernon 1997), which tolls the statute of limitations for twelve months after "[t]he death of a person against whom or in whose favor there may be a cause of action," does not apply to suits under the Medical Liability and Insurance Improvement Act. *Hyson v. Chilkewitz*, 971 S.W.2d 563, 571 (Tex.App.—Dallas 1998), *rev'd on other grounds*, 22 S.W.3d 825 (Tex.1999); *Wilson v. Rudd*, 814 S.W.2d 818, 821 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Rascoe v. Anabtawi*, 730 S.W.2d 460, 461 (Tex.App.—Beaumont 1987, no writ); *see also Brown v. Shwarts*, 968 S.W.2d 331, 335 n. 1 (Tex.1998).

4. The parties do not dispute that Simmons provided H.C.T. the required written notice of his claim, though the record does not contain a copy of that notice. In fact, counsel for H.C.T. stated on the record that the notice was sent in July 1999.

1999). On appeal, the movant still bears the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.*

 Because H.C.T. moved for summary judgment on the ground that the statute of limitations had run, it must have (1) conclusively proved when the cause of action accrued, and (2) negated the discovery rule, if it applies and was pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when Simmons discovered, or in the exercise of reasonable diligence should have discovered, his cause of action. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). In this case, the discovery rule did not apply because Article 4590i, § 10.01 abolished the discovery rule in cases governed by the Medical Liability and Insurance Improvement Act. *Diaz*, 941 S.W.2d at 99. Thus, if H.C.T. established that the action was barred by the statute of limitations, Simmons must then have adduced summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick*, 988 S.W.2d at 748. In a summary judgment context, when a party alleges facts setting up an open courts defense, the party seeking to rely on the statute of limitations must negate the open courts defense. *Clements v. Conard*, 21 S.W.3d 514, 520–21 (Tex.App.—Amarillo 2000, pet. denied); *Desiga v. Scheffey*, 874 S.W.2d 244, 248 (Tex.App.—Houston [14th Dist.] 1994, no writ).

 H.C.T. produced a discharge form for Jewel Simmons showing that she was released from its facility to the custody of Titus County Memorial Hospital on September 27, 1997, after suffering a fall. When the precise date of the breach or tort is ascertainable, the limitations period begins on that date. *Bala v. Maxwell*, 909 S.W.2d 889, 891 (Tex.1995). Thus, H.C.T. met its burden of showing when the statute of limitations began to run.

Simmons amended his petition and filed a response claiming that Jewel Simmons was mentally incompetent from September 27, 1997, until her death on October 9, 1997, and that under the open courts provision of the Texas Constitution, her mental incompetence tolled the statute of limitations until the date of her death. (These matters were not raised on appeal.) He attached to his response a sworn affidavit from Jewel Simmons's daughter-in-law stating that Jewel Simmons suffered from severe senile dementia and Alzheimer's disease, was not mentally competent to understand the accident or her injuries, and was confused and disoriented from the time she arrived at the hospital until her death. Simmons also attached a sworn affidavit from his attorney stating that the district clerk's office was closed on Thursday, December 23, 1999, and Friday, December 24, 1999, for the Christmas holiday and that Monday, December 27, 1999, was the first day after the holiday the suit could have been filed. Under Simmons's theory, therefore, the suit would have been timely because it was filed within two years and seventy-nine days of the date Jewel Simmons died, the time for filing having been extended by the Christmas holiday.[5]

---

**5.** Simmons assumes, without argument or authority, that the limitations period was extended to Monday, December 27, 1999, because the district clerk's office was closed on Thursday, December 23, 1999—the date the limitations period would have ended if the accrual date were October 9, 1997—through Sunday, December 26, 1999. However, no court has specifically held that the two-year statute of limitations in Article 4590i, § 10.01

Five days after· the hearing on H.C.T.'s Motion for Summary Judgment, the trial court sent the parties a letter stating that it granted H.C.T.'s motion based on certain findings of fact and conclusions of law. The court found (1) that Jewel Simmons was injured on September 27, 1997; (2) that she died on October 9, 1997; (3) that Simmons filed the notice of claim required by Article 4590i, § 4.01(a) on July 6, 1999; (4) that Article 4590i, § 10.01 is unconstitutional in that it violates the open courts provision of the Texas Constitution; (5) that the statute of limitations did not begin to run until October 9, 1997, the date of Jewel Simmons's death; (6) that Simmons's notice of claim extended the statute of limitations to October 20, 1999, seventy-five days after it was filed on July 6; and (7) that the suit was filed on December 27, 1999, more than two months after the limitations period ended.

In his sole point of error, Simmons challenges the trial court's finding that the seventy-five-day tolling provision of Article 4590i, § 4.01(c) only extended the limitations period to October 20, 1999. He does not raise in this court the position he took in the trial court that the statute of limitations began to run on October 9, 1997, the

---

is extended if the last day of the period falls on a Saturday, Sunday, legal holiday, or a day the district clerk's office is closed. One court, in dicta, assumed that the limitations period of Article 4590i would be extended if the last day fell on a weekend or holiday. *Morin v. Helfrick*, 930 S.W.2d 733, 737 n. 2 (Tex. App.—Houston [1st Dist.] 1996, no writ), *overruled on other grounds*, *Rizkallah v. Conner*, 952 S.W.2d 580, 585 n. 4 (Tex.App.—Houston [1st Dist.] 1997, no writ).

In *Miller Brewing Co. v. Villarreal*, 829 S.W.2d 770, 772 (Tex.1992), the Texas Supreme Court held that " 'legal holiday', as used in Rule 4, Tex.R. Civ. P., includes a day which the commissioners court in the county in which the case is pending has determined to be a holiday, or on which the clerk's office for the court in which the case is pending is officially closed." The court has subsequently applied the same rationale to former Tex. R.App. P. 5, now Tex.R.App. P. 4, *In re V.C.*, 829 S.W.2d 772, 773 (Tex.1992), and Tex. Civ. Prac. & Rem.Code § 16.072 (Vernon 1997). *Martinez v. Windsor Park Dev. Co.*, 833 S.W.2d 950, 951 (Tex.1992).

Article 4590i, § 10.01 does not contain a provision that extends the limitations period if the last day falls on a Saturday, Sunday, or legal holiday. Tex.Rev.Civ. Stat. Ann. art. 4590i, § 10.01 (Vernon Supp.2001). This fact distinguishes Article 4590i, § 10.01 from Civil Procedure Rule 4, Appellate Rule 4, and Civil Practice and Remedies Code Section 16.072, which were at issue in *Miller Brewing Co.*, *In re V.C.*, and *Windsor Park*, respectively.

However, Section 16.072 of the Civil Practice and Remedies Code provides, "If the last day of a limitations period under *any* statute of limitations falls on a Saturday, Sunday, or holiday, the period for filing suit is extended to include the next day that the county offices are open for business." Tex. Civ. Prac. & Rem. Code Ann. § 16.072 (emphasis added). Arguably, Section 16.072 applies to Article 4590i, § 10.01. In *Green v. Texas Employment Comm'n*, 675 S.W.2d 809, 811 (Tex.App.—El Paso 1984, writ ref'd n.r.e.), the court held that because the Worker's Compensation Act contained a provision extending filing deadlines when the last day is a legal holiday or Sunday, the predecessor to Section 16.072 did not control. Article 4590i does not have a provision governing what happens when the last day of the limitations period falls on a Saturday, Sunday, or legal holiday. Thus, *Green* seems to indicate that Section 16.072 would control.

On the other hand, Article 4590i, § 10.01 has been characterized as a "strict" statute. *See, e.g., Finley v. Steenkamp*, 19 S.W.3d 533, 541 (Tex.App.—Fort Worth 2000, no pet.). In mandating this "strict" two-year limitations period, the statute provides, "Notwithstanding any other law ...," which would include Section 16.072. *See* Tex.Rev.Civ. Stat. Ann. art. 4590i, § 10.01. Arguably, the Legislature could have intended to impose an absolute two-year limitations period, which ends notwithstanding the fact that the last day falls on a weekend, holiday, or a day the district clerk's office is closed. Nevertheless, the parties do not raise this issue, and we do not consider it.

date of Jewel Simmons's death. He merely observes that the trial court found that the limitations period began to run on October 9, 1997, and contends that H.C.T. did not challenge that finding. Thus, Simmons requests this court to overrule the trial court's finding regarding the application of the seventy-five-day tolling provision, while leaving intact its finding that the limitations period began to run on October 9, 1997.

For its part, H.C.T. contends we cannot consider the trial court's findings of fact and conclusions of law and that we must affirm the summary judgment if it is proper on any basis. It further contends that, notwithstanding the trial court's finding to the contrary, the statute of limitations began to run on September 27, 1997, making summary judgment appropriate.

The trial court's findings are internally inconsistent. The trial court found that Simmons's notice of claim extended the limitations period to October 20, 1999, "being the 75th day after the notice was sent." The trial court also found the notice of claim was sent on July 6, 1999. However, seventy-five days after July 6, 1999, is September 19, 1999, not October 20, 1999.

The trial court's finding is also contrary to Texas Supreme Court precedent. As mentioned previously, the court has held that the tolling provision extends the limitations period for seventy-five days, regardless of when the notice of claim is sent. *De Checa*, 852 S.W.2d at 937. The trial court applied the tolling provision in a way that would deprive any benefit to a party who sent its notice more than seventy-five days before the end of the limitations period. For instance, in the present case, Simmons sent his notice of claim on July 6, 1999. As mentioned previously, seventy-five days from July 6, 1999, is September 19, 1999. However, the limitations period was scheduled to end on Octo-

ber 9, 1999. Therefore, the trial court applied the seventy-five-day tolling provision in such a way as to deny Simmons its benefit.

■ A trial court should not make, and an appellate court cannot consider, findings of fact and conclusions of law in connection with a summary judgment. *Williams v. Moores*, 5 S.W.3d 334, 336 (Tex.App.—Texarkana 1999, pet. denied). The rationale for this rule is that if summary judgment is proper, there are no material facts to find, and the legal conclusions are already stated in the prevailing motion or response. *Id.*

■ We are precluded from considering the trial court's findings as an indication of the basis on which it granted summary judgment; rather, we must look only to the order granting summary judgment, in which the trial court did not provide the reasons for its ruling. *See Stevens v. State Farm Fire & Cas. Co.*, 929 S.W.2d 665, 669 (Tex.App.—Texarkana 1996, writ denied) (court of appeals could not consider trial court's letter stating its reasons for granting summary judgment because the letter was not a part of the judgment). Furthermore, a court of appeals may affirm the granting of summary judgment on any theory advanced in the motion, regardless of whether the trial court specifies the grounds on which it relied. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625–26 (Tex.1996); *Douglas Cablevision IV, L.P. v. Southwestern Elec. Power Co.*, 992 S.W.2d 503, 506 (Tex.App.—Texarkana 1999, pet. denied).

■ When, as here, the trial court does not specify on what ground it granted summary judgment, the appellant must argue that every ground in the summary judgment motion is erroneous. *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995). Here, Simmons raises a specific point of error, complaining that the trial court improperly applied the seventy-

five-day tolling provision of Article 4590i, § 4.01(c). When an appellant uses specific points of error or issues on appeal to attack a summary judgment and fails to attack one of the possible grounds on which the judgment was granted, the summary judgment must be affirmed.[6] *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970); *Shivers v. Texaco Expl. & Prod., Inc.,* 965 S.W.2d 727, 732 (Tex. App.—Texarkana 1998, pet. denied), *disagreed with on other grounds, HECI Expl. Co. v. Neel,* 982 S.W.2d 881, 887 n. 1 (Tex.1998). This is because the summary judgment may have been based on a ground that was available to the trial court and not specifically challenged by the appellant on appeal. *Malooly Bros., Inc.,* 461 S.W.2d at 121; *Lewis v. Skippy's Mistake Bar,* 944 S.W.2d 1, 3 (Tex.App.—Fort Worth 1996), *rev'd sub nom. on other grounds, Southland Corp. v. Lewis,* 940 S.W.2d 83 (Tex.1997).

In the present case, because the trial court did not state its reasons for granting summary judgment in its order, we must conclude that it could have granted summary judgment based on H.C.T.'s contention that the statute of limitations began to run on September 27, 1997. Our reasoning is buttressed by the fact that Simmons does not raise in his brief the contention he made in the trial court that the open courts provision tolled the statute of limitations until October 9, 1997, the date Jewel Simmons died. *See* Tex.R.App. P. 38.1(h).

The judgment is affirmed.

---

6. In contrast, a general point of error or issue on appeal allows us to review all possible grounds on which summary judgment may have been granted. *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). A general point or issue states, "THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT," or uses similar language. *Id.*