In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00168-CV


______________________________




EDWARD CHARLES STRATHER, Appellant



V.



DOLGENCORP OF TEXAS, INC., 


D/B/A DOLLAR GENERAL STORES, Appellee




 


On Appeal from the 5th Judicial District Court


Cass County, Texas


Trial Court No. 2000-C-533




 




Before Morriss, C.J., Ross and Grant,* JJ.


Opinion by Chief Justice Morriss



____________

*Ben Z. Grant, Justice, Retired, Sitting by Assignment


O P I N I O N



 Edward Charles Strather appeals the summary judgment granted in favor of Dolgencorp of
Texas, Inc., an entity which owns and operates Dollar General Stores in Texas. Strather, an
independent truck driver, sued Dolgencorp alleging its employees were negligent in loading a trailer
he hauled from Oklahoma to Texas. He alleged that, while he was unloading the trailer, a heavy box
of glass containers of coffee fell onto his head from the upper part of the stacked boxes. 

 Dolgencorp filed a motion for summary judgment contending (1) there was a defect in the
parties because it was not liable in the capacity in which it had been sued, and (2) the statute of
limitations barred Strather's suit. As summary judgment proof, Dolgencorp attached the affidavit
of Michelle Hughes, an employee in the Risk Management Division of Dollar General Corporation,
who is responsible for handling claims on behalf of Dolgencorp. In her affidavit, Hughes states that
"[n]o employee of Dolgencorp was involved in the loading or preparation of the trailer." Dolgencorp
also attached excerpts from Strather's deposition, in which he testified the trailer was closed and
sealed when he picked it up. Finally, Dolgencorp attached Strather's petition, which was filed on
April 14, 2000, and which alleged he was injured on April 13, 1998.

 In response to Dolgencorp's motion, Strather attached his own affidavit, in which he states
he picked up the trailer on April 13, 1998, but was injured on April 14, 1998. He also states that
when he picked up the trailer "it was represented to [him] that . . . Dolgencorp . . . was responsible
for the loading of the trailer," that the trailer "was at a property controlled and operated by
Dolgencorp," and that "to [his] knowledge" Dolgencorp owned the trailer. He further states that the
warehouse where the trailer was located had numerous signs in the area that read "Dollar General." 
Strather also amended his petition to clarify that his injury occurred April 14, 1998.

 The trial court sent a letter to the parties in which it stated it was granting Dolgencorp's
motion because "the Summary Judgment evidence contained the Affidavit that no employee of the
Defendant loaded the trailer tractor [sic] in question," and "[t]here is no competent Summary
Judgment evidence to the contrary." The trial court later signed an order that did not recite its
reasons for granting summary judgment.

 Strather raises two issues on appeal: "Whether the trial court erred in granting the judgment
by holding that Appellant did not produce summary judgment proof that raised a fact issue in
avoidance of Appellee's affirmative defense? [and] . . . Whether the trial court erred in granting final
summary judgment as to all causes of action originally alleged against Appellee?"

 Dolgencorp moved for summary judgment under Tex. R. Civ. P. 166a(b). To prevail on such
a motion, the movant must establish that there is no genuine issue of material fact and that the
movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). Summary judgment for
a defendant is proper when the defendant negates at least one element of each of the plaintiff's
theories of recovery, or pleads and conclusively establishes each element of an affirmative defense. 
Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant. Rhone-Poulenc, Inc. v. Steel,
997 S.W.2d 217, 223 (Tex. 1999). We indulge every reasonable inference and resolve any doubt
in the nonmovant's favor. Id. On appeal, the movant still bears the burden of showing that there is
no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Id.

 Strather first contends the trial court erred in granting summary judgment because his
affidavit provided summary judgment proof by raising a fact issue concerning Dolgencorp's
affirmative defense. Dolgencorp contends that Strather's affidavit is incompetent summary judgment
proof and that the trial court so found when it stated in its letter to the parties that there was no
competent summary judgment proof to contradict Hughes' assertions in her affidavit.

 Strather's issue on appeal relates only to Dolgencorp's "defective parties" defense. As
mentioned previously, Dolgencorp had also moved for summary judgment on the basis of the statute
of limitations.

 When the trial court does not specify on what basis it granted summary judgment, the
appellant must argue that every ground in the summary judgment motion is erroneous. 
Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); Simmons v. Healthcare Ctrs. of Tex.,
Inc., 55 S.W.3d 674, 680 (Tex. App.-Texarkana 2001, no pet.). Strather raises a specific, rather than
a general, point of error. When an appellant uses specific points of error or issues on appeal to attack
a summary judgment and fails to attack one of the possible grounds on which the judgment was
granted, the summary judgment must be affirmed. (1) Malooly Bros., Inc. v. Napier, 461 S.W.2d 119,
121 (Tex. 1970); Simmons, 55 S.W.3d at 681. This is because the summary judgment may have
been based on a ground that was available to the trial court and not specifically challenged by the
appellant on appeal. Malooly Bros., Inc., 461 S.W.2d at 121; Simmons, 55 S.W.3d at 681.

 Arguably, the above rule should not apply under the present circumstances because Strather
amended his petition to remove the defect about which Dolgencorp complained in its summary
judgment motion before the trial court ruled on the motion. It is not uncommon, however, for a
party, in order to avoid summary judgment, to amend his or her pleadings in response to a motion
for summary judgment.

 Were we to remove Strather's burden of attacking each of the possible grounds for granting
summary judgment by simply referencing his amended pleadings and assuming the trial court could
not have granted summary judgment in light of those amended pleadings, we would effectively be
placing ourselves in the role of the trial court in ruling on the motion for summary judgment. We
would be assuming the trial court did not rule-either correctly or incorrectly-on the motion it had
before it. We decline to set such a precedent, especially because the burden of attacking each
possible ground alleged in the summary judgment motion is relatively light.

 In the present case, however, the trial court arguably did state its reasons for granting
summary judgment in the letter it sent to the parties. But these statements were not contained in the
order granting summary judgment and are in the nature of findings of fact and conclusions of law,
which  we  are  precluded  from  considering.  See  Simmons,  55  S.W.3d  at  680;  Williams  v.
Moores, 5 S.W.3d 334, 336 (Tex. App.-Texarkana 1999, pet. denied). Rather, we must look only
to the order granting summary judgment, in which the trial court did not provide the reasons for its
ruling. Simmons, 55 S.W.3d at 680; see also Stevens v. State Farm Fire & Cas. Co., 929 S.W.2d
665, 669 (Tex. App.-Texarkana 1996, writ denied) (court of appeals could not consider trial court's
letter stating its reasons for granting summary judgment because letter was not part of judgment).

 Dolgencorp raised the statute of limitations as a basis for granting summary judgment. 
Because Strather does not attack Dolgencorp's statute of limitations defense, either through a general
or specific point of error or issue on appeal, we must affirm the summary judgment.

 The same reasoning applies to Strather's second issue on appeal, in which he contends the
trial court erred in granting summary judgment with respect to three of his theories of liability,
because Dolgencorp's summary judgment proof does not address those theories. In his petition,
Strather alleged that Dolgencorp failed to properly train its employees, servants, and agents in the
appropriate procedures to follow in loading trailers; that Dolgencorp failed to reasonably supervise
the loading of the trailer; and that Dolgencorp failed to reasonably inspect the loading of the trailer. 
He contends Hughes' affidavit, which states that no employee of Dolgencorp was involved in the
loading or preparation of the trailer, does not provide summary judgment proof to negate these
theories.

 Even if Strather is correct, he fails to attack Dolgencorp's statute of limitations defense,
which entitles it to summary judgment notwithstanding these theories of liability. Therefore, we
must affirm the summary judgment.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 16, 2002

Date Decided: September 11, 2002


Publish





OPINION ON REHEARING


 Edward Charles Strather has filed a motion for rehearing in which he contends (1) his second
issue on appeal constitutes a general, rather than a specific, issue; (2) the trial court could not have
reasonably granted summary judgment on the basis of limitations because his amended petition made
clear that limitations did not apply; and (3) caselaw establishes that this Court must affirm summary
judgment only if the movant's theories have merit. 

 In our opinion on original submission, we held Strather raised specific, rather than general,
issues on appeal, but failed to attack each of the grounds on which Dolgencorp moved for summary
judgment. Strather v. Dolgencorp of Tex., Inc., No. 06-01-00168-CV, 2002 WL 31015230, at *2
(Tex. App.-Texarkana Sept. 11, 2002, no pet. h.). We therefore affirmed the summary judgment. 
Id. at *3. Though we are sympathetic to Strather's procedural plight on appeal, we are constrained
by precedents and must overrule his motion for rehearing.

Nature of Issue on Appeal

 Strather contends his second issue on appeal constitutes a general issue akin to the one the
Texas Supreme Court set out in Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). 
In Malooly, the Texas Supreme Court suggested the following general issue, which would allow our
review of even unargued grounds on which summary judgment should have been denied: The trial
court erred in granting the motion for summary judgment. Id.

 On further reflection, we still believe Strather's second issue on appeal constitutes a specific
issue. In the "Issue Presented" section of his brief, see Tex. R. App. P. 38.1(e), Strather states the
issue as, "Whether the trial court erred in granting final summary judgment as to all causes of action
originally alleged against Appellee?" In two other locations in his brief-in the "Table of Contents"
and in his "Argument" section-Strather reformulates the issue to read, "Appellee did not submit any
arguments or evidence to negate all of Appellant's original causes of action and is not entitled to a
final summary judgment." Though this issue in its more general form, like most issues on appeal,
begins with general language, we believe it must be read in full and in the context of the posture of
this case and of Strather's brief as a whole. It also should be understood in light of Strather's
restatement.

 In his argument supporting his first issue on appeal, Strather contended the trial court erred
in granting summary judgment because his affidavit was sufficient to overcome Dolgencorp's
defective party defense. In his argument supporting his second issue on appeal, he contended 
Dolgencorp's summary judgment proof only addressed one of his causes of action (i.e., that
Dolgencorp was negligent in loading the trailer) and did not address his other four causes of action
(i.e., that Dolgencorp failed to properly train its employees in loading trailers, to supervise and
inspect the loading of the trailer Strather was to pull and unload, and to warn Strather of danger).

 In this context, Strather's second issue on appeal, in alleging the trial court erred in granting
summary judgment "as to all causes of action originally alleged against Appellee," goes beyond the
nature and purpose of the general issue suggested in Malooly. (2) His second issue clearly supplements
his first issue. That is because, with his second issue, Strather argues essentially that, even if the
summary judgment proof demonstrated Dolgencorp was not potentially liable on Strather's cause of
action asserting negligent loading, the proof failed to show Dolgencorp was not potentially liable on
Strather's other causes of action.

 An appellant's brief should "state concisely all issues or points presented for review," but the
statement of an issue is to be read as including other issues that are "fairly included" under the issues
as stated by the appellant. Tex. R. App. P. 38.1(e). In general, "substantial compliance with [Rule
38] is sufficient." Tex. R. App. P. 38.9. Strather's second issue fairly includes the party defect
argument as to the unaddressed causes of action, but not the limitations affirmative defense. It is
therefore a specific issue.

 The result of that conclusion is that Strather has failed to challenge on appeal the limitations
point, thus waiving it. Malooly Bros., Inc., 461 S.W.2d at 121; Reyes v. Storage & Processors, Inc.,
No. 06-01-00097-CV, 2002 WL 31045258 (Tex. App.-Texarkana Sept. 13, 2002, no pet. h.);
Simmons v. Healthcare Ctrs. of Tex., Inc., 55 S.W.3d 674 (Tex. App.-Texarkana 2001, no pet.).

Limitations as Ground for Summary Judgment

 Strather next contends we erred in affirming summary judgment because Dolgencorp's
limitations defense had no merit in light of his amended petition, citing Star-Telegram, Inc. v. Doe,
915 S.W.2d 471, 473 (Tex. 1995). In Star-Telegram, the Texas Supreme Court wrote, "The
appellate court must affirm the summary judgment if any one of the movant's theories has merit." 
Id. Strather wants to read Star-Telegram as requiring appellate courts to conduct an independent
review of each ground for summary judgment, even when a party fails to attack that ground on
appeal. Star-Telegram, however, does not stand for that proposition.

 The portion of Star-Telegram to which Strather refers is merely a recitation of the general
rule that, where the trial court does not give the basis on which it granted summary judgment, the
appellate court can affirm the summary judgment if any basis alleged in the motion has merit. Id. 
But when a party fails to attack one of the grounds alleged in the motion for summary judgment, he
or she waives the error and summary judgment must be affirmed. See Malooly Bros., Inc., 461
S.W.2d at 121.

 Strather also contends he is only required to attack grounds on which the trial court properly
could have granted summary judgment. He contends the trial court could not have granted summary
judgment based on limitations because he amended his petition to remove the limitations problem. 
We addressed this contention in our opinion on original submission when we wrote:

 Were we to remove Strather's burden of attacking each of the possible
grounds for granting summary judgment by simply referencing his amended
pleadings and assuming the trial court could not have granted summary judgment in
light of those amended pleadings, we would effectively be placing ourselves in the
role of the trial court in ruling on the motion for summary judgment. We would be
assuming the trial court did not rule-either correctly or incorrectly-on the motion it
had before it. We decline to set such a precedent, especially because the burden of
attacking each possible ground alleged in the summary judgment motion is relatively
light.


Strather, 2002 WL 31015230 at *2.


 We acknowledge that, at times, the consequences of requiring the appellant to attack on
appeal each ground alleged in the motion for summary judgment can seem unfair. The consequences
seem even more unfair when (1) the appellant fails to attack on appeal an apparently unmeritorious
ground for granting summary judgment, and (2) the record (but not the order) discloses that the trial
court appears not to have based its decision to grant summary judgment on the unchallenged, suspect
ground.

 Both of those conditions exist in the present case, but the perceived unfairness arises more 
from the latter condition than the former. That is, if the record did not disclose the reason the trial
court gave for granting summary judgment, then we could not know whether the trial court granted
summary judgment on the basis of limitations despite Strather's amended petition. Requiring
Strather to challenge each of the grounds alleged in the motion for summary judgment would seem
less unfair because that error could only be remedied if it were properly challenged on appeal.

 We are constrained, however, to look only to the order granting summary judgment to
determine the trial court's reasons for ruling. Simmons, 55 S.W.3d at 680. That rule has a fairly
sound policy basis in that it gives litigants and appellate courts a single place to look to determine
why the trial court granted summary judgment. We thus are not forced to parse statements made in
letters to the parties, at hearings on motions for summary judgment, on docket notations, and/or in
other places in the record. (3)

 We overrule Strather's motion for rehearing.


 Josh R. Morriss, III

 Chief Justice





CONCURRING OPINION



 Our response to this appeal is an apology that we cannot reach the merits of this case under
the procedural guidelines of a summary judgment appeal.

 The trial court wrote a letter in this case stating, "The Summary Judgment evidence contained
the Affidavit that no employee of the Defendant loaded the trailer tractor in question. There is no
competent Summary Judgment evidence to the contrary; . . . ." However, the order granting the
summary judgment grants the summary judgment generally without stating the specific basis.

 In a trial to a jury or a trial by the court, the litigants receive a specific determination on the
facts and law of the case. There have been efforts to require specificity in the granting of summary
judgments, but so far such efforts have failed. I believe it would be an improvement in our
procedural system to adopt such a requirement.

 Often, the burden is placed on judicial resources in trying to address every point in a motion
for summary judgment; often, an injustice may occur because the merits of the case cannot be
reached.

 In the far distant past, someone developed the idea, which became a requirement, that
appellate courts address the issues and the bases for their holdings. It would be much simpler for
appellate courts to simply send a postcard with a smiley face to the winner and a frowning face to
the loser without expressly setting forth the reasoning, the bases in fact, and the legal authorities for
the rendering of the opinions. However, the writing of an opinion requires careful examination of
the facts and issues before the court, considerable research of the law, and ultimately demonstrating
that these matters have been thoroughly explored by setting forth these specific results in an opinion
for all involved to examine.

 I would again recommend that the Texas Supreme Court or the Legislature consider such a
requirement. 

 I respectfully concur.


 Ben Z. Grant*

 Justice


*Justice, Retired, Sitting by Assignment


Date Decided: January 16, 2003

 
1. A general point of error or issue on appeal allows a court of appeals to review all possible
grounds on which summary judgment may have been granted. Malooly Bros., Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970). A general point or issue states, "The trial court erred in granting the
motion for summary judgment," or uses similar language. Id.
2. If Strather's second issue on appeal had ended with "the trial court erred in granting final
summary judgment," it would have been a general issue as defined by Malooly. Malooly Bros., Inc.
v. Napier, 461 S.W.2d 119 (Tex. 1970). Yet it continued, thus limiting its scope and making it a
specific issue.
3. A trial court can, and we think should, disclose in its order the reasons it granted summary 
judgment. We encourage the Texas Supreme Court to adopt rules requiring the trial court to disclose
its reasons for granting summary judgment.