NO. 07-03-0434-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 2, 2004
_____

BARBARA ANN STALLINGS,

Appellant

v.

ROBERT C. HENDERSON, II, M.D., ARTURO CARRILLO, M.D., and
ROGENDRY, LTD., a limited partnership, and ARTURO CARRILLO
MEDICAL SERVICES, a Limited Partnership

Appellees
_____

FROM THE 251st DISTRICT COURT OF POTTER COUNTY;

NO. 90,578-C; HON. PATRICK PIRTLE, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Barbara Ann Stallings (Stallings) appeals from an order granting the motion for summary judgment of, and denying her recovery against, Robert C. Henderson, II, M.D., Arturo Carrillo, M.D., and Rogendry, Ltd., a limited partnership, and Arturo Carrillo Medical Services, a limited partnership (collectively referred to as Henderson). She sued Henderson to recover damages allegedly suffered when falling in the Henderson parking

lot. Henderson moved for summary judgment, alleging two grounds. The first dealt with whether a landowner has the duty to protect against the natural accumulation of ice in its parking lot, while the second concerned whether the condition of the lot posed an unreasonable risk of harm since Stallings "was fully aware of the winter weather . . . and the risks associated with" it. In the order of the court granting the motion for summary judgment and denying her relief, the trial court said nothing of the grounds upon which it relied. On appeal, Stallings presents four issues, each of which addresses the first ground stated in the motion, *i.e.* the existence of a duty to act. None address the second ground. We affirm the order of summary judgment.

One moving for summary judgment may raise as many grounds as he chooses. However, if several are raised and the trial court fails to specify, in its order, the particular ground upon which it relied in granting the motion, an obstacle arises. Under that circumstance, the non-movant must address each ground on appeal and illustrate why none would support the judgment. *Miller v. Galveston/Houston Diocese*, 911 S.W.2d 897, 899 (Tex. App.–Amarillo 1995, no writ). Failing to do so entitles the appellate court to affirm on any unaddressed ground. *Id.*

As previously mentioned, Henderson posed two grounds for summary judgment. The ground upon which the trial court relied in granting the relief went unspecified in its order. Moreover, Stallings attacked only the first one in her appellate issues and brief.[1]

---

[1]The record does contain a letter from the trial court wherein it stated that "I am persuaded that naturally occurring ice in a parking lot does not pose an *unreasonable* risk of danger, as a matter of law." (Emphasis in original). Yet, to the extent that the document suggests the court found the initial ground asserted by Henderson to be persuasive, the letter is of no consequence. This is so because "we must look only to the order granting summary judgment" to determine the grounds upon which the trial court relied, irrespective of any judicial comments that may appear in a letter. *Strather v. Dolgencorp of Tex., Inc.*, 96 S.W.3d 420, 423 (Tex. App.–Texarkana 2002, no pet.).

Thus, we are compelled to affirm the order on the ground that went unaddressed. *Miller v. Galveston/Houston Diocese*, *supra*.

Accordingly, the order granting summary judgment and denying Stallings recovery is affirmed.


Brian Quinn
Justice