NUMBER 13-06-083-CV



COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


HB TURBO, L.P., Appellant,


v.


TURBONETICS ENGINEERING 

AND SERVICES, Appellee.

 


On appeal from the 94th District Court 


of Nueces County, Texas.

 

 

MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza
 

HB Turbo, L.P., ("HB") appeals the trial court's summary judgment in favor of
appellee, Turbonetics Engineering and Services, Inc ("Turbonetics"). By two issues, HB
contends the trial court erred in granting Turbonetics' no-evidence motion for summary
judgment because more than a scintilla of evidence exists as to its causes of action for
trade secret misappropriation and non-trade secret misappropriation (more appropriately
referred to as unfair competition). (1) By a third issue, HB contends the trial court erred in
granting Turbonetics' traditional motion for summary judgment because material fact
questions exist as to its non-trade secret misappropriation claim. We affirm.

I. Factual and Procedural Background

 HB is a rotating equipment service and turbomachinery repair company. The
underlying suit involves HB's drawings of component parts for Elliott steam turbines and
whether those drawings are trade secrets. HB sued Turbonetics and HB's former general
manager, David Hickham, Jr., who is now the president of Turbonetics, for alleged trade
secret misappropriation, non-trade secret misappropriation (unfair competition), civil theft,
conversion and tortious interference. (2) Turbonetics filed a no-evidence and traditional
motion for summary judgment. In its no-evidence motion, Turbonetics asserted there was
no evidence (1) of standing or capacity, (2) that a trade secret existed, (2) of civil theft, (3)
of breach of contract, (4) of a viable cause of action for non-trade secret misappropriation,
or, in the alternative, of any evidence of non-trade secret misappropriation (unfair
competition), (5) of breach of fiduciary duty, (6) of conversion, (7) of tortious interference,
and (8) of damages. In its traditional motion for summary judgment, Turbonetics argued
(1) that no trade secret exists, and (2) that all of HB's claims were barred by limitations. 
HB filed a response, and after a hearing, the trial court granted Turbonetics' summary
judgment. HB subsequently filed a motion for reconsideration. This appeal ensued. 

II. Summary Judgment

 On January 11, 2006, at the conclusion of the hearing on Turbonetics' motions for
summary judgment, the trial court orally pronounced that it was granting both the no-evidence and traditional motions for summary judgment on the grounds of "capacity,
limitations and the trade secret." On February 16, 2006, at a hearing on HB's motion for
reconsideration, the trial court orally pronounced that it was going to "grant the motion to
reconsider regarding capacity and limitation; however, Turbonetics, the Court is going to
deny the motion to reconsideration [sic] regarding the other issues." Then, on February
21, 2006, the trial court entered a final order granting Turbonetics' motions for summary
judgment. The order does not state the specific ground(s) for granting the summary
judgments; instead, it merely states, "the Court finds that Turbonetics' Motions for
Summary Judgment are well taken and should be and they are hereby GRANTED as to
Plaintiff HB Turbo L.P.'s ("HB Turbo") claims for trade secret misappropriation and non-trade secret misappropriation." We are constrained to look only to the order granting
summary judgment to determine the trial court's reasons for ruling. See Sharpe v. Roman
Catholic Diocese of Dallas, 97 S.W.3d 791, 796 (Tex. App.-Dallas 2003, pet. denied);
Strather v. Dolgencorp of Texas, Inc., 96 S.W.3d 420, 426 (Tex. App.-Texarkana 2002,
no pet.); Simmons v. Healthcare Ctrs. of Texas., Inc., 55 S.W.3d 674, 680 (Tex.
App.-Texarkana 2001, no pet.); see also Cherokee Water Co. v. Gregg County Appraisal
Dist., 801 S.W.2d 872, 878 (Tex. 1990); In re K.M.B., 148 S.W.3d 618, 622 (Tex.
App.-Houston [14th Dist.] 2004, no pet.); Nine Greenway Ltd. v. Heard, Goggan, Blair &
Williams, 875 S.W.2d 784, 787 (Tex. App.-Houston [1st Dist.] 1994, writ denied) (stating
that written judgment controls over the court's oral pronouncements). 

 Thus, because the trial court's order does not specify the ground(s) on which the
summary judgment was granted, and because there are multiple grounds on which
summary judgment may have been granted, HB is required to negate all grounds on
appeal. See Star-Telegram, Inc., v. Doe, 915 S.W.2d 471, 474 (Tex. 1995); State Farm
Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 381 (Tex. 1993); Lewis v. Adams, 979 S.W.2d
831, 833 (Tex. App.-Houston [14th Dist.] 1998, no pet.) (holding that summary judgment
must be affirmed where multiple grounds are asserted and the appellant does not attack
all grounds on appeal); Evans v. First Nat'l Bank of Bellville, 946 S.W.2d 367, 377 (Tex.
App.-Houston [14th Dist.] 1997, writ denied). If an appellant fails to negate each ground
upon which the judgment may have been granted, the appellate court must uphold the
summary judgment. See Star-Telegram, Inc., 915 S.W.2d at 474; State Farm Fire & Cas.
Co., 858 S.W.2d at 381; Lewis, 979 S.W.2d at 833; Evans, 946 S.W.2d at 377. 

 On appeal, HB specifically challenges whether the trial court erred in granting
Turbonetics' no-evidence and traditional motions for summary judgment on grounds that
a trade secret did not exist, and in granting Turbonetics' no-evidence motion for summary
judgment on grounds that a viable cause of action for non-trade secret misappropriation
did not exist, or, in the alternative, on grounds that there was no evidence of non-trade
secret misappropriation (unfair competition). However, HB failed to negate or even
challenge the other possible grounds for summary judgment. See Malooly Bros., Inc. v.
Napier, 461 S.W.2d 119, 121 (Tex. 1970) (when an appellant uses specific points of error
or issues on appeal to attack a summary judgment and fails to attack one of the possible
grounds on which the judgment was granted, the summary judgment must be affirmed). 
Because HB failed to attack all possible grounds upon which summary judgment may have
been granted, whether properly or improperly, we uphold the summary judgment. See
Star-Telegram, Inc., 915 S.W.2d at 474; State Farm Fire & Cas. Co., 858 S.W.2d at 381;
Lewis, 979 S.W.2d at 833; Evans, 946 S.W.2d at 377.

 Were we to remove HB's burden of attacking each of the possible grounds for
granting summary judgment by simply referencing the trial court's oral pronouncements at
the summary judgment hearing and the hearing on HB's motion for reconsideration, and
assume that the trial court could not have granted summary judgment on the other
grounds, "we would effectively be placing ourselves in the role of the trial court in ruling on
the motion for summary judgment." See Strather, 96 S.W.3d at 426. We would be
assuming that issuing the order without specifying the grounds was not a result of the trial
court exercising its discretion to issue a written order that is modified from its oral ruling. 
We decline to engage in any assumptions, "especially because the burden of attacking
each possible ground alleged in the summary judgment is relatively light." Id. 

 We join our sister court in acknowledging that:

At times, the consequences of requiring the appellant to attack on appeal
each ground alleged in the motion for summary judgment can seem unfair. 
The consequences seem even more unfair when (1) the appellant fails to
attack on appeal an apparently unmeritorious ground for granting summary
judgment, and (2) the record (but not the order) discloses that the trial court
appears not to have based its decision to grant summary judgment on the
unchallenged, suspect ground. 


Id. Both of those unfair conditions exist in the present case. However, we are constrained
to look only to the order granting summary judgment to determine the trial court's reasons
for ruling. Id. (citing Simmons, 55 S.W.3d at 680). 

That rule has a fairly sound policy basis in that it gives litigants and appellate
courts a single place to look to determine why the trial court granted
summary judgment. We thus are not forced to parse statements made in
letters to the parties, at hearings on motions for summary judgment, on
docket notations, and/or in other places in the record. 


Id.

 We note that HB ultimately challenged the propriety of summary judgment on the
grounds of capacity and limitations; however, it was only after Turbonetics raised these
issues in its responsive brief that HB belatedly addressed them in its reply brief. Texas
Rule of Appellate Procedure 38.3 permits an appellant to address "any matter in the
appellee's brief." See Tex. R. App. P. 38.3. However, the rules of appellate procedure do
not allow an appellant to include in a reply brief a new issue in response to some matter
pointed out in the appellee's brief but not raised by the appellant's original brief. See id.;
Dallas Co. v. Gonzales, 183 S.W.3d 94, 104 (Tex. App.-Dallas 2006, pet. denied); Lopez
v. Montemayor, 131 S.W.3d 54, 61 (Tex. App.-San Antonio 2003, pet. denied); Barrios v.
State, 27 S.W.3d 313, 322 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd) ("Pointing out
the absence of an appellant's argument does not raise the argument or entitle appellant
to assert that argument for the first time in his reply brief. If the rule were construed
otherwise, an appellee could never point out matters not raised by an appellant for fear of
reopening the door."). 

 Because HB did not challenge the other possible grounds for summary judgment
in its original brief and could not raise new challenges in its reply brief, we conclude HB
waived any issues regarding the propriety of summary judgment as to those grounds. See
Tex. R. App. P. 38.1, 38.3; Barrios, 27 S.W.3d at 322; In re A.M., 101 S.W.3d 480, 486
(Tex. App.-Corpus Christi 2002, rev'd on other grounds, 192 S.W.3d 570 (Tex. 2006));
JHC Ventures, L.P. v. Fast Trucking, Inc., 94 S.W.3d 762, 773 n.9 (Tex. App.-San Antonio
2002, no pet.) ("Appellants, however, failed to urge the issue in their brief on the merits;
by urging it for the first time in their reply brief, they waived this issue on appeal."). 
Because summary judgment may have been granted, properly or improperly, on a ground
not properly challenged on appeal, we affirm the summary judgment. See Star-Telegram,
Inc., 915 S.W.2d at 474; State Farm Fire & Cas. Co., 858 S.W.2d at 381; Malooly Bros.,
Inc., 461 S.W.2d at 121.

III. Conclusion

 The judgment of the trial court is affirmed. 

 


 

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered 

and filed this the 7th day of June, 2007.

1. Under Texas law, a plaintiff can recover for misappropriation of a trade secret by establishing that
(1) a trade secret existed, (2) the trade secret was acquired through a breach of a confidential relationship
or was discovered by improper means, (3) the defendant used the trade secret without the plaintiff's
authorization, and (4) the plaintiff suffered damages as a result. IAC, Ltd. v. Bell Helicopter Textron, Inc., 160
S.W.3d 191, 197 (Tex. App.-Fort Worth 2005, no pet.); Trilogy Software, Inc. v. Callidus Software, Inc., 143
S.W.3d 452, 463 (Tex. App.-Austin 2004, pet. denied).


The elements of unfair competition or common law misappropriation have been defined as (1) the creation
of plaintiff's product (i.e., the trade secret information) through extensive time, labor, skill, and money; (2) the
defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that
competition (i.e., a "free ride") because defendant is burdened with little or none of the expense incurred by
the plaintiff; and (3) commercial damage to the plaintiff. United States Sporting Prods., Inc. v. Johnny Stewart
Game Calls, Inc., 865 S.W.2d 214, 218 (Tex. App.-Waco 1993, writ denied).
2. HB eventually non-suited its claims against Turbonetics for civil theft, conversion, tortious interference
and breach of contract. In addition, HB's claims against Turbonetics were severed from the proceedings
against David Hickman, Jr., for purposes of making the summary judgment favoring Turbonetics final. 
Therefore, the instant appeal concerns only the trial court's granting of summary judgment in favor of
Turbonetics on HB's claims for trade secret misappropriation and non-trade secret misappropriation.