ACCEPTED
13-15-00137-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/11/2015 12:32:36 PM
CECILE FOY GSANGER
CLERK

NO. 13-15-00137-CV

COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/11/2015 12:32:36 PM
CECILE FOY GSANGER
Clerk

_____

EMORY POWITZKY, JR.

APPELLANT

V.

TILSON CUSTOM HOMES, A/K/A TILSON HOME CORPORATION

APPELLEE

_____

APPEAL FROM THE 267TH JUDICIAL DISTRICT COURT, VICTORIA
COUNTY, TEXAS
HONORABLE JACK MARR, PRESIDING JUDGE

_____

APPELLEE'S BRIEF

_____

DAVID M. JONES
State Bar No. 24042684
DJones@BRSTexas.com
Bush Rudnicki Shelton, P.C.
4025 Woodland Park Blvd., Suite 190
Arlington, Texas 76013
Telephone: (817) 274-5992
Facsimile: (817) 261-1671

ATTORNEY FOR APPELLEE

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS
[Tex. R. App. P. 38.1(b)]

TABLE OF CONTENTS...................................................................................... ii

INDEX OF AUTHORITIES…………………………………………….......... iii

SUMMARY OF THE ARGUMENT…………………………….................... 1

ARGUMENT…………………………………………………………........ 2

### Issues One, Two, Four and Six

**Appellant Failed to Present Any Evidence of Willful Misconduct or Fraudulent Concealment to Circumvent the Applicable Statute of Repose**………………………………………………………………… 2

### Issues Three and Five

**The Court was Under no Obligation to Provide an Explanation of its Ruling**………………………………………………..... 5

PRAYER………………………………………………………................. 8

CERTIFICATE OF SERVICE….……………………………………......... 8

# TABLE OF AUTHORITIES
[Tex. R. App. P. 38.1(c)]

## Texas Supreme Court

*Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625–26 (Tex.1996) ……….   6

*In re Toyota Motor Sales U.S.A. Inc*., 407 S.W.3d 746 (Tex. 2013) ……………   5

## Texas Court of Appeals

*Mathis v. Bocell,* 982 S.W.2d 52, 60
(Tex. App.-Houston [1st Dist.] 1998, no pet.)………………………………………   7

*Simmons v. Healthcare Ctrs. of Tex., Inc.,* 55 S.W.3d 674, 680
(Tex.App.-Texarkana 2001, no pet.)……………………………………………..   6

*Strather v. Dolgencorp of Texas,*96 S.W.3d 420, 426-27
(Tex. App.—Texarkana 2002, no pet.) ……………………………………….   5

*The Ryland Group, Inc. v. Hood.* 924 S.W.2d 120 (Tex. 1996) ………………   *passim*

## Texas Statutes

16.009 of the Texas Civil Practice and Remedies Code……………................   *passim*

## Texas Rules of Civil Procedure

TEX. R. CIV. PRO. 90. ……………….....................................................................   6

## SUMMARY OF APPELLEE'S ARGUMENT
[Tex. R. App. P. 38.1(g)]

Appellant's Issues One, Two, Four, and Six all basically converge into one issue and that is that the affidavits of Rolando Romo and of Emory Powitzky put on at least some evidence of the willful misconduct or fraudulent concealment exception to the statute of repose in Section 16.009(e)(3) of the Texas Civil Practice and Remedies Code. The Texas Supreme Court has determined that such evidence must include evidence of actual knowledge and not mere conjecture. *The Ryland Group, Inc. v. Hood*. 924 S.W.2d 120 (Tex. 1996). Appellant's affidavits failed to meet this burden.

Appellant's remaining issues Three and Five allege there is a burden on the court to inform the parties of the reasons for its granting of a Motion for Summary Judgment. However, no such requirement exists either explicitly or implicitly in either rule or case law.

Oral argument is only requested to the extent necessary to preserve its right to respond to Appellant should oral argument be granted by the Court. Appellee does not believe oral argument is required for this matter.

ISSUES ONE, TWO, FOUR, AND SIX[1]

**Appellant Failed to Present Any Evidence of Willful Misconduct or Fraudulent Concealment to Circumvent the Applicable Statute of Repose**

1.     It is uncontested that the statute of repose in Section 16.009 of the Texas Civil Practice and Remedies Code applies to this case because the subject Residence was constructed more than thirty years before the filing of Appellant's lawsuit.  *See* Brief of Appellant at 2.  It is further uncontested the Appellant relies on the exception of willful misconduct or fraudulent concealment found in 16.009(e)(3) to circumvent the statute of repose.  *Id.*  Appellant's only evidence of willful misconduct or fraudulent concealment to contest Appellee's assertion of the ten-year Statute of Repose are the affidavits of Rolando Romo and Emory Powitzky.  Both affidavits fail to present a genuine issue of material fact about Appellant's sole defense to the applicable statute of repose.

2.     The Supreme Court of Texas has given very specific guidance about the evidentiary requirements to show a genuine issue of fact on the willful misconduct and fraudulent concealment exception in *The Ryland Group, Inc. v. Hood*.  924 S.W.2d 120 (Tex. 1996).  In *Ryland*, a homeowner alleged causes of action against a builder for construction defects stemming from a failure to use treated wood.  The claims were brought after the expiration of the ten year statute of repose and so the homeowners relied

---

[1] Appellee's issue numbers correlate to Appellant's numbered arguments in his Summary of the Argument Section. Brief of Appellant at 6.

on the willful misconduct and fraudulent concealment exception to defeat a motion for summary judgment. As evidence, the homeowners submitted the affidavit of a "longtime contractor" as their only evidence raising a fact issue.

3.      The *Ryland* Court quoted two specific portions of the contractor affidavit in its analysis of sufficiency of the evidence. First:

> "To use untreated lumber for a deck support in new construction, when treated lumber is specified, amounts to intentional or willful misconduct by the builder."

And then:

> "It is my understanding that neither the builder nor the subsequent deck renovator notified the inspectors, appraiser, owners, tenants, or any other party with an interest in the home of the use of the untreated wood. This failure to notify amounts to a concealment of a known violation of the specifications and industry practice."

The Supreme Court rightfully determined these statements to be insufficient in raising a genuine issue of material fact as to the §16.009(e)(3) exception because they were conclusory and at no point positively and unqualifiedly represented that the contractor had "actual knowledge" of the use of untreated wood. *Id.* at 122 ("If [contractor's] affidavit cannot raise a fact issue that [builder] had actual knowledge of the untreated lumber, how can use of such be intentional?")

4.      The *Ryland* facts are nearly the exact same as the facts presently before this Court with regard to the Rolando Romo affidavit. Regarding fraudulent concealment or willful misconduct, the only evidence presented are the conclusory statements of a longtime contractor, Mr. Romo. In his affidavit, he states, "In my opinion, if [builder]

knew . . ." to come to his conclusion of misconduct. (C.R. at 52). This limiting statement is analogous to the "is it my understanding" limitation by the *Ryland* contractor affidavit quoted *supra*. He states that the job foreman "knew or should have known," which fails to meet the burden imposed by *Ryland*. (C.R. at 51). Tilson's contractor had to *know*, and nothing else, to meet the burden of Section 16.009(e)(3). 924 S.W.2d at 122. At no point does Mr. Romo put forth any evidence that Tilson had actual knowledge of the concrete depth.

5.      Mr. Romo's affidavit further exacerbates its fundamental deficiencies by outright stating that the concrete had "deteriorated substantially" over the course of 30 years. This further shines the light on the fact that no one has testified or can testify about the condition of that slab thirty years ago, in 1983, when it was poured. "Evidence" that a slab is not 3 1/2 inches thick today[2] is no evidence of its thickness thirty years ago. Appellant failed to put on one iota of evidence in the form of an engineering analysis or opinion about the effects of time and usage on the thickness of the slab.

6.      The only other exhibit presented in Appellants Motion for Summary Judgment Response and cited by Appellant as evidence of willful misconduct or fraudulent concealment is the affidavit of Emory Powitzky. (C.R. at 53-55). Mr. Powitzky's affidavit makes no attempt to meet the actual knowledge standard of *Ryland*. The closest it comes is :

---

[2] The subject specifications call for approximately 3 ½ inches of slab, not 3 ½ inches minimum as alleged by Appellant (C.R. at 72).

> Tilson commenced the work on the house; I think that the foundation was poured in March, 1983. I was not on the site continuously, and I did not see the foundation being poured. I was assured by the Tilson foreman on the job that it had been done as set forth in the plans and in accordance with our agreement. Eventually the house was completed, and my wife and I moved into it.

7.  This paragraph makes no mention, conjecture or otherwise, of what the Tilson contractor did or didn't know when pouring the concrete.

8.  As the Trial Court correctly ruled, there is no portion of either of these affidavits that with any certainty shows evidence that Tilson actually knew the concrete was defective when poured.

## ISSUES THREE[3] and FIVE

**The Court was Under no Legal Obligation to Provide an Explanation of its Ruling**

9.  Appellant argues that the trial court committed reversible error by failing to inform the parties of the reasons for its ruling. The trial court has no obligation to provide a reason for its summary judgment rulings.

10. Appellant is unable to cite any rule, case, or statute that imposes such a burden upon the court. Instead, Plaintiff cites *In re Toyota Motor Sales U.S.A. Inc.* to support his contention. 407 S.W.3d 746 (Tex. 2013). The *In re Toyota* Court did not review the sufficiency of a summary judgment order, but a Motion for New Trial. No authority has been submitted that the same applies, or should apply, to a Rule 166a Motion for Summary Judgment.

---

[3] Appellant's Issue 3 from his Summary of the Argument section correlates to Issue 5 in his Argument section. Brief of Appellant at 6 and 15.

11.     In fact, the concurring opinion of the Honorable Justice Grant in *Strather v. Dolgencorp of Texas* laments the absence of any legal requirement for trial courts to explain their decisions in granting summary judgments. 96 S.W.3d 420, 426-27 (Tex. App.—Texarkana 2002, no pet.).

12.     Other courts have pointed out that the absence of a reason given by the court below merely implicates that all grounds in the movant's motion for summary judgment are reviewable by the Court of Appeals. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625–26 (Tex.1996); *Simmons v. Healthcare Ctrs. of Tex., Inc.,* 55 S.W.3d 674, 680 (Tex.App.-Texarkana 2001, no pet.);

13.     The case at bar presents this Court with only one issue; the applicability of the ten-year statute of repose found in Chapter 16 of the Texas Civil Practice and Remedies Code. There are not a burdensome number of arguments or points from which the trial court, or this Court, must guess as to the reason for the granting of Defendant's motion. There is only one issue. Does section 16.009(e)(3) apply as an exception to the ten year statute of repose. Any appeal must necessarily address that one, lone issue, so it is reasonable to infer that the Court found insufficient evidence on the part of Appellant to claim the exception in section 16.009(e)(3).

14.     For those reasons, the order of the court was sufficiently detailed to provide ample notice and prevent any guessing on the part of the parties and the Court.

15.     The Court similarly has no obligation to provide an opportunity for Appellant to cure its defective evidence.

16. Appellant draws an improper parallel between evidentiary objections and special exceptions. A special exception points out a deficiency in a pleading. *See* TEX. R. CIV. PRO. 90.

17. Rule 166a(f) provides that defects in the form of affidavits may not be grounds for reversal of a summary judgment unless objected to and not remedied. Appellant's objections specifically targeted defects in the evidence presented in support of his motion, not in the pleading itself. Both of Appellee's objections were to the substance of the affidavits, not as to the form. *Mathis v. Bocell,* 982 S.W.2d 52, 60 (Tex. App.-Houston [1st Dist.] 1998, no pet.) ("A defect is substantive if the evidence is incompetent, and it is formal if the evidence is competent but inadmissible.") Substantive objections need not be ruled upon at the time of hearing and may be brought up for the first time on appeal. *Id.* ("The application of one or the other is crucial because formal defects must be objected to and ruled upon by the trial court, while substantive defects may be raised for the first time on appeal").

18. There is no indication from the trial court that the evidentiary objections were granted, nor is the granting of said objections necessary for the trial court to reach the conclusion that the Appellant failed to show any evidence of some of the elements necessary to prove the 16.009(e)(3) exception to the statute of repose. There is no reversible error on this issue.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee prays that this Court affirm the summary judgment of the trial court. Appellee further prays that this Court award to Appellee all costs of appeal against Appellants and such other relief, at law or in equity, to which Appellant may be justly entitled.

Respectfully submitted,

**BUSH RUDNICKI SHELTON, P.C.**

/s/ David M. Jones
James W. Rudnicki
State Bar No. 24006148
David M. Jones
State Bar No. 24042684
4025 Woodland Park Blvd., Suite 190
Arlington, Texas 76013
Telephone: (817) 274-5992
Facsimile: (817) 261-1671

**ATTORNEY FOR APPELLEE**
**TILSON CUSTOM HOMES a/k/a TILSON**
**HOME CORPORATION.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Appellee's Brief has been served on Appellant's, by and through his Attorney of Record, via electronic delivery on this 27th day of May, 2015.

O. F. Jones III
ofjones360@gmail.com
109 W. Santa Rosa
P. O. Drawer E
Victoria TX  77902
Telephone: 361-573-6381
Fax: 361-576-4607

**ATTORNEY FOR APPELLANT**
**EMORY POWITSKY, JR**

/s/ David M. Jones
David M. Jones

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document contains 2261 words, according to the word

count of the computer program used to prepare it, in compliance with Rule 9.4(i)(3).

/s/ David M. Jones
David M. Jones