NO. 07-03-0434-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 2, 2004


______________________________



BARBARA ANN STALLINGS, 



 Appellant


v.



ROBERT C. HENDERSON, II, M.D., ARTURO CARRILLO, M.D., and


ROGENDRY, LTD., a limited partnership, and ARTURO CARRILLO 


MEDICAL SERVICES, a Limited Partnership 
 

 

 Appellees

_________________________________



FROM THE 251st DISTRICT COURT OF POTTER COUNTY;



NO. 90,578-C; HON. PATRICK PIRTLE, PRESIDING


_______________________________



Memorandum Opinion


_______________________________


Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Barbara Ann Stallings (Stallings) appeals from an order granting the motion for
summary judgment of, and denying her recovery against, Robert C. Henderson, II, M.D.,
Arturo Carrillo, M.D., and Rogendry, Ltd., a limited partnership, and Arturo Carrillo Medical
Services, a limited partnership (collectively referred to as Henderson). She sued
Henderson to recover damages allegedly suffered when falling in the Henderson parking
lot. Henderson moved for summary judgment, alleging two grounds. The first dealt with
whether a landowner has the duty to protect against the natural accumulation of ice in its
parking lot, while the second concerned whether the condition of the lot posed an
unreasonable risk of harm since Stallings "was fully aware of the winter weather . . . and
the risks associated with" it. In the order of the court granting the motion for summary
judgment and denying her relief, the trial court said nothing of the grounds upon which it
relied. On appeal, Stallings presents four issues, each of which addresses the first ground
stated in the motion, i.e. the existence of a duty to act. None address the second ground.
We affirm the order of summary judgment.

 One moving for summary judgment may raise as many grounds as he chooses. 
However, if several are raised and the trial court fails to specify, in its order, the particular
ground upon which it relied in granting the motion, an obstacle arises. Under that
circumstance, the non-movant must address each ground on appeal and illustrate why
none would support the judgment. Miller v. Galveston/Houston Diocese, 911 S.W.2d 897,
899 (Tex. App.-Amarillo 1995, no writ). Failing to do so entitles the appellate court to affirm
on any unaddressed ground. Id. 

 As previously mentioned, Henderson posed two grounds for summary judgment. 
The ground upon which the trial court relied in granting the relief went unspecified in its
order. Moreover, Stallings attacked only the first one in her appellate issues and brief. (1) 
Thus, we are compelled to affirm the order on the ground that went unaddressed. Miller
v. Galveston/Houston Diocese, supra. 

 Accordingly, the order granting summary judgment and denying Stallings recovery
is affirmed.


 Brian Quinn

 Justice




1. The record does contain a letter from the trial court wherein it stated that "I am persuaded that
naturally occurring ice in a parking lot does not pose an unreasonable risk of danger, as a matter of law." 
(Emphasis in original). Yet, to the extent that the document suggests the court found the initial ground
asserted by Henderson to be persuasive, the letter is of no consequence. This is so because "we must look
only to the order granting summary judgment" to determine the grounds upon which the trial court relied,
irrespective of any judicial comments that may appear in a letter. Strather v. Dolgencorp of Tex., Inc., 96
S.W.3d 420, 423 (Tex. App.-Texarkana 2002, no pet.). 


the motion.
          We do, however, note that the trial court retains authority over the appointment of
counsel for appellant. See Enriquez v. State, 999 S.W.2d 906, 908 (Tex.App.–Waco 2000,
pet. ref’d). Any request for clarification of appointed counsel’s continuing role in this appeal
is properly directed initially to the trial court. Appellant is directed to supplement the
appellate record with the appropriate documentation of any further action taken by the trial
court with respect to appointed counsel.
          The Motion for Withdrawal of Counsel is denied.
 
                                                                           Per Curiam





Do not publish.