NUMBER 13-07-019-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

MADHAVAN PISHARODI, M.D. Appellant,


v.
 


ERIC SIX, M.D., AND

ALEJANDRO BETANCOURT, M.D., Appellees.

 


On appeal from the 103rd District Court of Cameron County, Texas.


 




MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides


Memorandum Opinion by Justice Benavides



 This is an appeal from a summary judgment granted in favor of appellees, Eric Six
and Alejandro Betancourt. By one issue, appellant Madhavan Pisharodi complains that
the trial court improperly granted summary judgment based on res judicata and collateral
estoppel. Because Pisharodi failed to attack all the possible grounds for the order granting
summary judgment, his two issues are waived. Accordingly, we affirm.

I. Background

 Pisharodi, Six, and Betancourt are doctors who practice in Harlingen, Texas. 
Pisharodi obtained privileges at Valley Baptist Hospital in Harlingen in 1999. He claims
that for two years prior to that, Six tried to block him from admission to the hospital staff by
using his influence and manipulating institutional policies and procedures. 

 Valley Baptist has a policy that it will not grant privileges to any surgeon who does
not have another "back up" doctor--someone who will agree to be on-call for the physician
if for some reason the physician is unavailable. Pisharodi claims that once he obtained
privileges, Six refused to provide "back up" coverage for Pisharodi and encouraged others
to do the same. He alleges that Six took these actions because he wanted to (1) lessen
competition for neurological surgeons in the Harlingen area, and (2) restrain trade, giving
Six a monopoly.

 Pisharodi alleges that once he obtained staff privileges at Valley Baptist, Six
prevented Pisharodi from obtaining "on call" rotation. Six approached another doctor,
Helson Pacheco, and offered to divide the emergency patient load in exchange for
Pacheco's refusal to provide "back up" coverage for Pisharodi. Pacheco would not refuse
back up coverage to Pisharodi. Pisharodi claims, however, that Betancourt accepted Six's
proposal. Pisharodi alleges that together, Six and Betancourt attempted to push Pisharodi
out of the "on call" patient load. 

 Pisharodi claims that thereafter, Six and Betancourt conspired to manufacture
incidents and events to attempt to completely remove Pisharodi from the on-call schedule
and from practice in Harlingen. Specifically, he claims that they (1) initiated an
investigation of Pisharodi by the Medical Center Trauma Committee and an ad hoc
committee, (2) manipulated a temporary suspension of an employee nurse practitioner
employed by Pisharodi, (3) misrepresented facts and information to one of Pisharodi's
patients so that the patient would switch to Betancourt, and (4) entered an agreement to
provide coverage with each other conditioned on not providing coverage to Pisharodi. 
Based on these allegations, on July 2, 2002, Pisharodi filed suit for antitrust violations. 
Tex. Bus. & Comm. Code Ann. §§ 15.01-.52 (Vernon 2002).

 On December 16, 2004, Six and Betancourt filed their first motion for summary
judgment (the "first motion"). This motion argued that (1) Pisharodi does not have standing
because he is a salaried employee of his professional association, and he has suffered
only an indirect injury; (2) the "rule of reason" applies, and Pisharodi's claims fail because
he cannot show harm to competition as opposed to mere personal harm to a single
competitor; (3) Six and Betancourt have no market or monopoly power in the relevant
market; (4) the peer review activities, judged under the "rule of reason," are not an
unreasonable restraint of trade; (5) peer review activity is statutorily immune from liability;
and (6) the statute of limitations bars consideration of events occurring more than four
years prior to commencement of the suit. On January 26, 2005, Pisharodi filed a
response. He responded to all the above arguments with evidence.

 The motion for summary judgment stated in several places that Pisharodi could not
raise a genuine issue of material fact, but it did not present evidence negating any of the
elements of Pisharodi's claim. Moreover, it did not clearly provide notice that the
defendants were moving on no-evidence grounds, thereby shifting the burden to Pisharodi. 
On February 16, 2005, the trial court issued a letter ruling and requested that the parties
submit an order. The letter stated that the first motion was defective because it was
pleaded as a traditional summary judgment but argued as a no-evidence motion. The trial
court held that the motion did not give notice to Pisharodi that he needed to meet an
evidentiary burden. The letter states that the trial court would deny the motion on that
ground, except as to Six and Betancourt's limitations defense. The trial court requested
the parties to submit an order to that effect.

 After the letter ruling, on March 7, 2005, Six and Betancourt filed a second motion
for summary judgment, titled "Motion for No-Evidence Summary Judgment and, In the
Alternative, Motion for Traditional Summary Judgment" (the "second motion"). This motion
clearly set forth the separate no-evidence and traditional summary judgment grounds. Six
and Betancourt moved for no-evidence summary judgment, arguing that there was no
evidence: (1) that the alleged geographic market is a properly-defined relevant market
within which to analyze competition; (2) that competition has suffered in any properly
defined relevant geographic market or that patients do not have alternatives outside
Harlingen; and (3) that Six and Betancourt control a sufficiently large share of the relevant
market to support a claim. Six and Betancourt also moved for traditional summary
judgment, arguing that (1) Pisharodi lacked standing; (2) the relevant market includes the
entire Rio Grande Valley and its eight hospitals; (3) even if Pisharodi were entirely
excluded from Valley Baptist, he would not have a claim because there has not been any
harm to the market; (4) the peer review process does not have anticompetitive effects; (5)
Six and Betancourt's market share within the relevant geographic market is so low that the
antitrust laws are not implicated; and (6) peer review is statutorily immune from tort liability.

 On March 28, 2005, the trial court signed a formal order granting the first motion for
summary judgment on limitations grounds and denying the remainder of the first motion
without prejudice. After the formal order was signed granting in part and denying in part
the first motion for summary judgment, on April 6, 2005, Pisharodi filed a response to the
second motion for summary judgment. He requested that the court take judicial notice of
his response to the first motion. Pisharodi never asserted that any part of the second
motion had already been disposed by the first order.

 On November 22, 2005 and again on April 4, 2006, Six and Betancourt
supplemented their second motion for summary judgment in two installments, for the first
time raising res judicata and collateral estoppel as part of their traditional motion. On
September 14, 2006, Pisharodi filed a response to the two supplements addressing only
the res judicata and collateral estoppel grounds. On October 5, 2006, the trial court
granted what it called the "motion for summary judgment," stating that it had considered
the motion "and supplements thereto." 

II. Waiver

 Pisharodi's brief raises a single issue--whether the trial court erred in granting
summary judgment based on res judicata or collateral estoppel. Six and Betancourt argue
that because the trial court's order granting the second motion for summary judgment did
not state the grounds for the order, and Pisharodi did not challenge all possible grounds
for the order, Pisharodi has waived any error in the judgment. We agree.

 It is well established that when a trial court grants summary judgment, but its order
does not provide the trial court's reasoning, the appellant must negate all possible grounds
for the ruling on appeal: 

 When, as here, the trial court does not specify the basis of its ruling, it is the
appellant's burden on appeal to show that each of the independent grounds
asserted in support of summary judgment is insufficient to support the
judgment. If the appellant does not challenge one of the grounds for
summary judgment, the judgment may be affirmed on that ground alone.


Humane Society v. The Dallas Morning News L.P., 180 S.W.3d 921, 923 (Tex.
App.-Dallas 2005, no pet.) (citing Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex.
1995)); see Tex. Workers' Comp. Comm'n v. Patient Advocates, 136 S.W.3d 643, 648
(Tex. 2004); see also Hough v. Brownsville Winter Haven Prop. Owners Ass'n, No.
13-06-0686-CV, 2007 Tex. App. LEXIS 7200, at *8 (Tex. App.-Corpus Christi Aug. 31,
2007, pet. denied) (mem. op). 

 Pisharodi first argues that because Six and Betancourt did not submit any additional
factual evidence along with their second motion for summary judgment, other than the
evidence submitted along with the supplements, the trial court must have ruled as a matter
of law that Pisharodi's claims were barred by res judicata or collateral estoppel and
necessarily did not rule on any other grounds raised in the second motion for summary
judgment. Pisharodi's argument confuses the burdens of proof for a traditional and no-evidence summary judgment and is not supported by the record. 

 Here, Six and Betancourt cured the defects in their first motion for summary
judgment and specifically pointed to several elements of Pisharodi's claims for which there
was no evidence. Tex. R. Civ. P. 166a(i). Once Six and Betancourt properly raised their
no-evidence points, the burden shifted to Pisharodi to present evidence. Six and
Betancourt did not have the burden to produce any evidence to support their no-evidence
arguments. See City of Keller v. Wilson, 168 S.W.3d 802, 825 (Tex.2005). Accordingly,
we disagree that the trial court must have ruled only on res judicata and collateral estoppel
because Six and Betancourt did not present any evidence along with the second motion.

 Pisharodi also appears to argue that the trial court's order on March 28, 2005
disposed of both the first and second motions for summary judgment except the arguments
regarding res judicata and collateral estoppel, which were raised in supplements to the
second motion. Thus, he was only required to address res judicata and collateral estoppel. 
The record does not support this argument, however, and it requires this Court to make
assumptions about the trial court's reasoning.

 The final order granting summary judgment on October 5, 2006 states that the trial
court considered the "Defendants' Motion for Summary Judgment and Exhibits, all
response, replies, and supplements thereto." Thus, the order's express language indicates
that the trial court considered the motion and the supplements. Pisharodi invites this Court
to surmise about the reasoning behind the trial court's general order granting summary
judgment. This we cannot do. When reviewing an order granting summary judgment, we
only look to the order granting summary judgment to determine the trial court's reasons for
ruling. See Sharpe v. Roman Catholic Diocese of Dallas, 97 S.W.3d 791, 796 (Tex.
App.-Dallas 2003, pet. denied); see also HB Turbo, L.P. v. Turbonetics Eng'g & Servs.,
No. 13-06-083-CV, 2007 Tex. App. LEXIS 4425, at *7 (Tex. App.-Corpus Christi June 7,
2007, pet. denied) (mem. op.). As we recently explained: 

 Were we to remove [the] burden of attacking each of the possible grounds
for granting summary judgment . . . and assume that the trial court could not
have granted summary judgment on the other grounds, "we would effectively
be placing ourselves in the role of the trial court in ruling on the motion for
summary judgment." 


HB Turbo, L.P., 2007 Tex. App. LEXIS 4425, at *7-8 (quoting Strather v. Dolgencorp of
Texas, Inc., 96 S.W.3d 420, 426 (Tex. App.-Texarkana 2002, no pet.)). We cannot
engage in assumptions about the trial court's reasoning, "especially because the burden
of attacking each possible ground alleged in the summary judgment is relatively light." 
Strather, 96 S.W.3d at 426. 

 Although we recognize that the consequences may seem harsh, the rule we apply
today has a "fairly sound policy basis." Id. Litigants and appellate courts need only look
in a single place to determine why the trial court granted summary judgment. Id. Thus, we
are not "forced to parse statements made in letters to the parties, at hearings on motions
for summary judgment, on docket notations, and/or in other places in the record." Id. 

 Because the trial court's order granting summary judgment specifically states that
it considered the motion for summary judgment and the supplements, we cannot assume
that the trial court only ruled on the res judicata and collateral estoppel arguments raised
in the supplements. Because Six and Pisharodi alleged multiple grounds in their motion,
Pisharodi was required to negate all the possible grounds for the ruling. See
Star-Telegram, Inc., 915 S.W.2d at 474. His failure to do so requires this Court to uphold
the summary judgment. See id.

III. Conclusion

 Because Pisharodi failed to challenge all the possible grounds for the trial court's
ruling on the second motion for summary judgment, he has waived any error in the
judgment. Accordingly, we affirm. 


 _______________________________

 GINA M. BENAVIDES

 Justice


Memorandum Opinion delivered and

filed this the 7th day of August, 2008.