

**NUMBER 13-07-019-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**MADHAVAN PISHARODI, M.D.**         **Appellant,**

**v.**

**ERIC SIX, M.D., AND
ALEJANDRO BETANCOURT, M.D.,**         **Appellees.**

**On appeal from the 103rd District Court of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Benavides
Memorandum Opinion by Justice Benavides**

This is an appeal from a summary judgment granted in favor of appellees, Eric Six and Alejandro Betancourt. By one issue, appellant Madhavan Pisharodi complains that the trial court improperly granted summary judgment based on res judicata and collateral estoppel. Because Pisharodi failed to attack all the possible grounds for the order granting summary judgment, his two issues are waived. Accordingly, we affirm.

# I. Background

Pisharodi, Six, and Betancourt are doctors who practice in Harlingen, Texas. Pisharodi obtained privileges at Valley Baptist Hospital in Harlingen in 1999. He claims that for two years prior to that, Six tried to block him from admission to the hospital staff by using his influence and manipulating institutional policies and procedures.

Valley Baptist has a policy that it will not grant privileges to any surgeon who does not have another "back up" doctor—someone who will agree to be on-call for the physician if for some reason the physician is unavailable. Pisharodi claims that once he obtained privileges, Six refused to provide "back up" coverage for Pisharodi and encouraged others to do the same. He alleges that Six took these actions because he wanted to (1) lessen competition for neurological surgeons in the Harlingen area, and (2) restrain trade, giving Six a monopoly.

Pisharodi alleges that once he obtained staff privileges at Valley Baptist, Six prevented Pisharodi from obtaining "on call" rotation. Six approached another doctor, Helson Pacheco, and offered to divide the emergency patient load in exchange for Pacheco's refusal to provide "back up" coverage for Pisharodi. Pacheco would not refuse back up coverage to Pisharodi. Pisharodi claims, however, that Betancourt accepted Six's proposal. Pisharodi alleges that together, Six and Betancourt attempted to push Pisharodi out of the "on call" patient load.

Pisharodi claims that thereafter, Six and Betancourt conspired to manufacture incidents and events to attempt to completely remove Pisharodi from the on-call schedule and from practice in Harlingen. Specifically, he claims that they (1) initiated an investigation of Pisharodi by the Medical Center Trauma Committee and an ad hoc

2

committee, (2) manipulated a temporary suspension of an employee nurse practitioner employed by Pisharodi, (3) misrepresented facts and information to one of Pisharodi's patients so that the patient would switch to Betancourt, and (4) entered an agreement to provide coverage with each other conditioned on not providing coverage to Pisharodi. Based on these allegations, on July 2, 2002, Pisharodi filed suit for antitrust violations. TEX. BUS. & COMM. CODE ANN. §§ 15.01-.52 (Vernon 2002).

On December 16, 2004, Six and Betancourt filed their first motion for summary judgment (the "first motion"). This motion argued that (1) Pisharodi does not have standing because he is a salaried employee of his professional association, and he has suffered only an indirect injury; (2) the "rule of reason" applies, and Pisharodi's claims fail because he cannot show harm to competition as opposed to mere personal harm to a single competitor; (3) Six and Betancourt have no market or monopoly power in the relevant market; (4) the peer review activities, judged under the "rule of reason," are not an unreasonable restraint of trade; (5) peer review activity is statutorily immune from liability; and (6) the statute of limitations bars consideration of events occurring more than four years prior to commencement of the suit. On January 26, 2005, Pisharodi filed a response. He responded to all the above arguments with evidence.

The motion for summary judgment stated in several places that Pisharodi could not raise a genuine issue of material fact, but it did not present evidence negating any of the elements of Pisharodi's claim. Moreover, it did not clearly provide notice that the defendants were moving on no-evidence grounds, thereby shifting the burden to Pisharodi. On February 16, 2005, the trial court issued a letter ruling and requested that the parties submit an order. The letter stated that the first motion was defective because it was

3

pleaded as a traditional summary judgment but argued as a no-evidence motion. The trial court held that the motion did not give notice to Pisharodi that he needed to meet an evidentiary burden. The letter states that the trial court would deny the motion on that ground, except as to Six and Betancourt's limitations defense. The trial court requested the parties to submit an order to that effect.

After the letter ruling, on March 7, 2005, Six and Betancourt filed a second motion for summary judgment, titled "Motion for No-Evidence Summary Judgment and, In the Alternative, Motion for Traditional Summary Judgment" (the "second motion"). This motion clearly set forth the separate no-evidence and traditional summary judgment grounds. Six and Betancourt moved for no-evidence summary judgment, arguing that there was no evidence: (1) that the alleged geographic market is a properly-defined relevant market within which to analyze competition; (2) that competition has suffered in any properly defined relevant geographic market or that patients do not have alternatives outside Harlingen; and (3) that Six and Betancourt control a sufficiently large share of the relevant market to support a claim. Six and Betancourt also moved for traditional summary judgment, arguing that (1) Pisharodi lacked standing; (2) the relevant market includes the entire Rio Grande Valley and its eight hospitals; (3) even if Pisharodi were entirely excluded from Valley Baptist, he would not have a claim because there has not been any harm to the market; (4) the peer review process does not have anticompetitive effects; (5) Six and Betancourt's market share within the relevant geographic market is so low that the antitrust laws are not implicated; and (6) peer review is statutorily immune from tort liability.

On March 28, 2005, the trial court signed a formal order granting the first motion for summary judgment on limitations grounds and denying the remainder of the first motion

4

without prejudice.  After the formal order was signed granting in part and denying in part the first motion for summary judgment, on April 6, 2005, Pisharodi filed a response to the second motion for summary judgment.  He requested that the court take judicial notice of his response to the first motion.  Pisharodi never asserted that any part of the second motion had already been disposed by the first order.

On November 22, 2005 and again on April 4, 2006, Six and Betancourt supplemented their second motion for summary judgment in two installments, for the first time raising res judicata and collateral estoppel as part of their traditional motion.  On September 14, 2006, Pisharodi filed a response to the two supplements addressing only the res judicata and collateral estoppel grounds.  On October 5, 2006, the trial court granted what it called the "motion for summary judgment," stating that it had considered the motion "and supplements thereto."

## II.  Waiver

Pisharodi's brief raises a single issue—whether the trial court erred in granting summary judgment based on res judicata or collateral estoppel.  Six and Betancourt argue that because the trial court's order granting the second motion for summary judgment did not state the grounds for the order, and Pisharodi did not challenge all possible grounds for the order, Pisharodi has waived any error in the judgment.  We agree.

It is well established that when a trial court grants summary judgment, but its order does not provide the trial court's reasoning, the appellant must negate all possible grounds for the ruling on appeal:

> When, as here, the trial court does not specify the basis of its ruling, it is the appellant's burden on appeal to show that each of the independent grounds asserted in support of summary judgment is insufficient to support the

5

judgment. If the appellant does not challenge one of the grounds for summary judgment, the judgment may be affirmed on that ground alone.

*Humane Society v. The Dallas Morning News L.P.*, 180 S.W.3d 921, 923 (Tex. App.–Dallas 2005, no pet.) (citing *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995)); *see Tex. Workers' Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 648 (Tex. 2004); *see also Hough v. Brownsville Winter Haven Prop. Owners Ass'n*, No. 13-06-0686-CV, 2007 Tex. App. LEXIS 7200, at *8 (Tex. App.–Corpus Christi Aug. 31, 2007, pet. denied) (mem. op).

Pisharodi first argues that because Six and Betancourt did not submit any additional factual evidence along with their second motion for summary judgment, other than the evidence submitted along with the supplements, the trial court must have ruled as a matter of law that Pisharodi's claims were barred by res judicata or collateral estoppel and necessarily did not rule on any other grounds raised in the second motion for summary judgment. Pisharodi's argument confuses the burdens of proof for a traditional and no-evidence summary judgment and is not supported by the record.

Here, Six and Betancourt cured the defects in their first motion for summary judgment and specifically pointed to several elements of Pisharodi's claims for which there was no evidence. TEX. R. CIV. P. 166a(i). Once Six and Betancourt properly raised their no-evidence points, the burden shifted to Pisharodi to present evidence. Six and Betancourt did not have the burden to produce any evidence to support their no-evidence arguments. *See City of Keller v. Wilson*, 168 S.W.3d 802, 825 (Tex.2005). Accordingly, we disagree that the trial court must have ruled only on res judicata and collateral estoppel because Six and Betancourt did not present any evidence along with the second motion.

6

Pisharodi also appears to argue that the trial court's order on March 28, 2005 disposed of both the first and second motions for summary judgment except the arguments regarding res judicata and collateral estoppel, which were raised in supplements to the second motion. Thus, he was only required to address res judicata and collateral estoppel. The record does not support this argument, however, and it requires this Court to make assumptions about the trial court's reasoning.

The final order granting summary judgment on October 5, 2006 states that the trial court considered the "Defendants' Motion for Summary Judgment and Exhibits, all response, replies, *and supplements thereto.*" Thus, the order's express language indicates that the trial court considered the motion *and* the supplements. Pisharodi invites this Court to surmise about the reasoning behind the trial court's general order granting summary judgment. This we cannot do. When reviewing an order granting summary judgment, we only look to the order granting summary judgment to determine the trial court's reasons for ruling. *See Sharpe v. Roman Catholic Diocese of Dallas*, 97 S.W.3d 791, 796 (Tex. App.–Dallas 2003, pet. denied); *see also HB Turbo, L.P. v. Turbonetics Eng'g & Servs.*, No. 13-06-083-CV, 2007 Tex. App. LEXIS 4425, at *7 (Tex. App.–Corpus Christi June 7, 2007, pet. denied) (mem. op.). As we recently explained:

> Were we to remove [the] burden of attacking each of the possible grounds for granting summary judgment . . . and assume that the trial court could not have granted summary judgment on the other grounds, "we would effectively be placing ourselves in the role of the trial court in ruling on the motion for summary judgment."

*HB Turbo, L.P.*, 2007 Tex. App. LEXIS 4425, at *7-8 (quoting *Strather v. Dolgencorp of Texas, Inc.,* 96 S.W.3d 420, 426 (Tex. App.–Texarkana 2002, no pet.)). We cannot

engage in assumptions about the trial court's reasoning, "especially because the burden of attacking each possible ground alleged in the summary judgment is relatively light." *Strather*, 96 S.W.3d at 426.

Although we recognize that the consequences may seem harsh, the rule we apply today has a "fairly sound policy basis." *Id.* Litigants and appellate courts need only look in a single place to determine why the trial court granted summary judgment. *Id.* Thus, we are not "forced to parse statements made in letters to the parties, at hearings on motions for summary judgment, on docket notations, and/or in other places in the record." *Id*.

Because the trial court's order granting summary judgment specifically states that it considered the motion for summary judgment *and* the supplements, we cannot assume that the trial court only ruled on the res judicata and collateral estoppel arguments raised in the supplements. Because Six and Pisharodi alleged multiple grounds in their motion, Pisharodi was required to negate all the possible grounds for the ruling. *See Star-Telegram, Inc.*, 915 S.W.2d at 474. His failure to do so requires this Court to uphold the summary judgment. *See id.*

### III. Conclusion

Because Pisharodi failed to challenge all the possible grounds for the trial court's ruling on the second motion for summary judgment, he has waived any error in the judgment. Accordingly, we affirm.

_____
GINA M. BENAVIDES
Justice

Memorandum Opinion delivered and
filed this the 7th day of August, 2008.

8