

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

───────────────────────

No. 02-22-00395-CV

───────────────────────

SHERRI JEAN POUNDERS, Appellant

V.

TIMELY PROPERTY SOLUTIONS, L.L.C. AND TONY P. HOLMES, Appellees

───────────────────────────────────────

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2019-000327-2

───────────────────────────────────────

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Sherri Jean Pounders appeals from the trial court's summary judgment in favor of Appellees Timely Property Solutions, L.L.C. (TPS) and Tony P. Holmes. TPS and Holmes moved for summary judgment on Pounders's claims for affirmative relief on no-evidence and matter-of-law grounds and on their res judicata affirmative defense. In four issues, Pounders challenges the trial court's summary judgment but argues only that the trial court erred by granting summary judgment for TPS and Holmes on their affirmative defense. Because Pounders fails to challenge each possible ground upon which the trial court could have granted summary judgment, we will affirm.

## I. Background

Effective July 1, 2018, Pounders, who receives public-housing assistance, entered into a residential lease agreement with TPS. On June 29, 2018, Pounders took possession of the property, even though it was not "move in ready" as promised. The house was dirty, and the front and back yards were full of debris. TPS agreed to reimburse Pounders for cleaning costs.

The same day Pounders moved in, a Tarrant County Housing Assistance Office inspector viewed the property and determined that the residence did not comply with Housing Quality Standards. The Housing Office re-inspected the property on July 11, 2018, and again determined that the property did not meet Housing Quality Standards because it needed numerous additional repairs. Pounders made repair requests to TPS, but TPS failed to address them. Pounders claims that

Holmes, who is TPS's manager, demanded that she vacate the property in retaliation for her making too many repair requests, her refusing to date him, and her filing a complaint against TPS and Holmes with the Housing Office.

The property failed subsequent Housing Office inspections, which led to the Housing Authority's abating rent payments until the property passed inspection. In late August 2018, the parties signed an agreement mutually dissolving the lease agreement. Pounders then sued TPS and Holmes in county court at law for violations of the Texas Property Code and the Texas Deceptive Trade Practices Act (DTPA) based on TPS's and Holmes's failing to make repairs, refusing to reimburse her for cleaning expenses, and retaliating against her for making repair requests.

While that case—which is the subject of this appeal—was pending, Pounders sued TPS and Holmes in justice court to recover her security deposit. Pounders prevailed, and TPS and Holmes appealed the justice court's judgment to county court at law for a trial de novo. TPS and Holmes then moved to consolidate the security-deposit case with this case. The trial court denied the motion.

The parties then settled the security-deposit case and signed a written settlement agreement. The parties moved to dismiss the security-deposit case, and the county court at law in which that case was pending granted the motion.

Pounders then amended her petition in this case to drop her DTPA claim and to add statutory- and common-law-fraud claims, a breach-of-contract claim, and additional Property Code violations. In a hybrid motion, TPS and Holmes moved for

3

summary judgment on all of Pounders's claims on no-evidence grounds and moved for summary judgment as a matter of law on her fraud and contract claims. They also moved for summary judgment on res judicata grounds, arguing that the affirmative defense barred Pounders's claims in this case because they should have been raised in the security-deposit case. Pounders timely responded to the motion.

Three days before the summary-judgment hearing (but without leave of court), Pounders filed a supplemental summary-judgment response, arguing among other things that TPS and Holmes were not entitled to summary judgment on res judicata grounds because they had failed to plead res judicata as an affirmative defense. *See* Tex. R. Civ. P. 94. The next day, TPS and Holmes amended their answer to include that defense, and Pounders promptly objected to the amended answer as untimely because it was filed within seven days of the summary-judgment hearing without leave of court. *See* Tex. R. Civ. P. 63. TPS and Holmes moved to strike Pounders's supplemental summary-judgment response because it too had been filed within seven days of the hearing without leave of court. *See* Tex. R. Civ. P. 166a(c). The trial court never ruled on (1) Pounders's objection to TPS and Holmes's amended petition or (2) TPS and Holmes's motion to strike Pounders's summary-judgment response. But at the summary-judgment hearing, the trial court gave TPS and Holmes additional time to respond to Pounders's supplemental summary-judgment response, which they did.

About a month after the hearing, the trial court signed an order granting TPS and Holmes's summary-judgment motion without stating the grounds upon which it relied. Pounders has timely appealed.

## II. Applicable Law

When, as here, a party moves for summary judgment on multiple grounds and the trial court's summary-judgment order does not specify the grounds upon which the trial court granted summary judgment,[1] an appellant must attack all possible grounds upon which the judgment could have been based. *See, e.g.*, *Malooly Bros. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied). If an appellant does not challenge each

---

[1]As TPS and Holmes point out, Pounders "assumes that the trial court granted the summary judgment based on res judicata, which ruling is not found in the [r]ecord." Relying on a "Judge Docket Entry" in the "Events and Orders of the Court" section of the trial court's "Case Summary," Pounders maintains that the trial court "specifically ruled" that the motion was granted on TPS and Holmes's res judicata affirmative defense. We cannot, however, rely on this "docket entry" to determine upon what grounds the trial court granted summary judgment; we may look only to the summary-judgment order itself. *See Wimmer v. State*, No. 03-03-00135-CV, 2004 WL 210629, at *2 (Tex. App.—Austin Feb. 5, 2004, pet. denied) (mem. op.) ("[W]e may not rely on the docket sheet to discern the grounds upon which the summary judgment was granted. We may look only to the grounds stated in the summary judgment, and if no grounds are specified, we must affirm the judgment on any meritorious ground raised in the summary judgment motion." (citations omitted)); *Strather v. Dolgencorp of Tex., Inc.*, 96 S.W.3d 420, 426 (Tex. App.—Texarkana 2002, no pet.) (op. on reh'g) ("We are constrained . . . to look only to the order granting summary judgment to determine the trial court's reasons for ruling. That rule has a fairly sound policy basis in that it gives litigants and appellate courts a single place to look to determine why the trial court granted summary judgment." (citation omitted)); *see also Hamilton v. Empire Gas & Fuel Co.*, 110 S.W.2d 561, 566 (Tex. [Comm'n Op.] 1937) (explaining that docket entries, affidavits, or other like evidence can neither change nor enlarge judgments or orders).

possible ground on which summary judgment could have been granted, we must affirm the summary judgment on the unchallenged ground, regardless of the unchallenged ground's merit. *See Malooly Bros.*, 461 S.W.2d at 120–21; *McCurley v. Tex. Motor Speedway, Inc.*, No. 02-19-00108-CV, 2019 WL 6606103, at *1–2 (Tex. App.—Fort Worth Dec. 5, 2019, pet. denied) (mem. op.); *Hackler v. N.D.*, No. 2-08-397-CV, 2009 WL 2138945, *3 (Tex. App.—Fort Worth July 16, 2009, no pet.) (mem. op.). When a party moves for summary judgment on both traditional and no-evidence grounds and the appellant fails to challenge the no-evidence grounds on appeal, we must affirm on the no-evidence grounds. *See, e.g.*, *Woolfolk v. Devore*, No. 02-21-00350-CV, 2022 WL 1420528, at *2 (Tex. App.—Fort Worth May 5, 2022); *Lien Kim Luu v. Rice*, No. 02-14-00326-CV, 2015 WL 4599377, at *2 (Tex. App.—Fort Worth July 30, 2015, no pet.); *Kritzer v. Kasden*, No. 02-13-00414-CV, 2014 WL 5492219, at *2 (Tex. App.—Fort Worth Oct. 30, 2014, no pet.) (per curiam) (mem. op.).

### III. Analysis

Here, Pounders raises four issues attacking the trial court's summary judgment: (1) the trial court erred by granting summary judgment for TPS and Holmes because they waived "any and all defenses . . . including the affirmative defense of res judicata" in the parties' settlement agreement in the security-deposit case; (2) the trial court erred by granting summary judgment because res judicata did not bar Pounders's claims in this case; (3) the trial court erred by considering TPS and Holmes's untimely filed amended answer asserting their res judicata defense; and (4) the trial court erred

6

by rehearing TPS and Holmes's consolidation motion during the summary-judgment hearing, "which effectively resulted in the granting of" summary judgment for TPS and Holmes on equitable grounds. We have scoured Pounders's brief for any argument attacking any grounds other than res judicata upon which the trial court could have granted summary judgment, and we have found none. Because Pounders failed to challenge the trial court's granting TPS and Holmes's summary-judgment motion on no-evidence grounds, we must affirm the judgment on those grounds. *See, e.g.*, *Woolfolk*, 2022 WL 1420528, at *2; *Lien Kim Luu*, 2015 WL 4599377, at *2; *Kritzer*, 2014 WL 5492219, at *2. We thus overrule Pounders's four issues as moot. *See Woolfolk*, 2022 WL 1420528, at *2; *Lien Kim Luu*, 2015 WL 4599377, at *2.

## IV. Conclusion

Having overruled Pounders's four issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: April 27, 2023

7